UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JEREMY HUDSON, an individual; KOFI THOMAS, an individual; MICHAEL SIMON, an individual; PAUL PAULSEN, an individual; AUSTIN WISE, an individual; DAVID DANNY SPIVAK, an individual; JAMES BURBANO, an individual; WHOLESALE EXOTICS, INC., a Stock Corporation; EXCLUZAYY MOTORSPORTS, a California Corporation; THOMAS CLASSICS, an Ohio Corporation, DOES I-X, inclusive; and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No. 2:22-cv-02123-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Defendant Thomas Classics' Motion to Stay Discovery (ECF No. 38),[1] which the Court has reviewed along with Plaintiff's Opposition (ECF No. 53).[2] Defendant argues a stay of discovery is proper because (1) the pending Motion to Dismiss will likely be dispositive of Plaintiff's claims against Thomas Classics, and (2) the stay will prevent the costs associated with pursuing unnecessary discovery. Plaintiff argues (1) Thomas Classics is a necessary party to this litigation, (2) its Motion to Dismiss is not dispositive of the entire case, and (3) a stay of discovery would impose a needless delay on the resolution of these proceedings for all involved.

Courts have broad discretion to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). A pending dispositive motion "is not ordinarily a situation that in

---

[1] Defendant Thomas Classics' Motion is joined by Defendant James Burbano. ECF No. 40.
[2] Plaintiff's Opposition is joined by Defendant Jeremy Hudson. ECF No. 54.

1

and of itself would warrant a stay of discovery." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted). Nor does the fact that "discovery may involve some inconvenience and expense" automatically lead to a stay of discovery. *Id.*

Motions seeking to stay discovery pending the resolution of a dispositive motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The party seeking a stay of discovery bears the burden of establishing the stay is warranted. *Kabo Tools Co. v. Porauto Indus. Co., Ltd.*, 2013 U.S. Dist. Lexis 156928, at *1 (D. Nev. Oct. 31, 2013), *citing Holiday Sys., Int'l of Nev. v. Vivarelli, Scharwz, and Assocs.*, 2012 U.S. Dist. Lexis 125542, at *5 (D. Nev. Sept. 5, 2012).

A review of the Court's decision in *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, Case No. 2:12-cv-00146-LDG-CWH, 2012 WL 4846152 (D. Nev. Oct. 10, 2012) is helpful to the Court. Citing *Liberty Media Holdings, LLC v. Letyagin*, Case No. 2:12-cv-00923-LRH-GWF, 2012 WL 3135671, at *5 (D. Nev. Aug. 1, 2012), the court in *KRD Trucking* found that the "pending motion challenging jurisdiction strongly favors a stay, or at minimum, limitations on discovery until the question of jurisdiction is resolved." 2012 WL 4846152 at *2. The court also stated that while it is generally true that "when determining personal jurisdiction the court accepts as true any uncontroverted allegations in the complaint … for personal jurisdiction purposes, a court may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Id*. (citations and internal quote marks omitted).

A preliminary peek at the Motion to Dismiss filed by Defendant Thomas Classics demonstrates that it is potentially dispositive of the claims against it and Defendant James Burbano. These Defendants appear to have no contacts with the State of Nevada. In addition, while the Court notes that Defendant Jeremy Hudson opposes the instant Motion to Stay Discovery (see ECF No. 54), Mr. Hudson also has pending before the Court a Motion to Dismiss based on jurisdictional grounds (see ECF No. 24). Further, as of the date of this Order there are a number of named parties in this case that have yet to make an appearance. Finally, when considering the instant Motion to

Stay Discovery, the Court also considered the goal of Rule 1 of the Federal Rules of Civil Procedure, which requires all the Rules "be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Id*.

The Court finds the just and inexpensive determination of this action outweighs the benefits of allowing discovery to proceed at this time. The Court can resolve the pending motions to dismiss without discovery "because whether the Court has personal jurisdiction over the defendant is a matter of law." *St. Clair v. iEnergizer, Inc.*, Case No. 2:20-cv-01880-GMN-VCF, 2021 WL 725158, at *2 (D. Nev. Jan. 22, 2021). The Court also finds the level of uncertainty in this case regarding which, if any, claims may proceed, and which, if any, Defendants will remain after the resolution of the pending dispositive motions, militates in favor of a stay of discovery until rulings on the pending dispositive motions provides a cleaner path forward.

Accordingly, IT IS HEREBY ORDERED that Defendant Thomas Classics' Motion to Stay Discovery (ECF No. 38) is GRANTED.

IT IS FURTHER ORDERED that discovery in this matter is stayed pending the resolution of the Motion to Dismiss at ECF No. 27.

IT IS FURTHER ORDERED that upon resolution of the pending Motion to Dismiss the parties must, within 14 days of such resolution, file a discovery plan and scheduling order addressing all remaining discovery.

IT IS FURTHER ORDERED that the proposed Joint Discovery Plan and Scheduling Order (ECF No. 41) is DENIED as moot.

Dated this 24th day of April, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE