UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY HUDSON, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-02123-RFB-EJY<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court is the Plaintiff's Motion to Dismiss the Defendant Jeremy Hudson's Counter-Claims. ECF No. 46. For the following reasons, the Motion to Dismiss is denied.

## II. PROCEDURAL BACKGROUND

On December 21, 2022, Plaintiff filed the operative Complaint in this case. ECF No. 1. Broadly, the Complaint alleges that Defendant Jeremy Hudson alleged theft of a vehicle that he actually sold. The Complaint requests declaratory relief of State Farm's various legal obligations. On February 7, 2023, Defendant James Burbano filed a Motion to Dismiss. ECF No. 15. On February 13, 2023, Defendant Hudson filed an Answer, Cross-Claim against All Defendants, and a Counter-Claim against All Defendants. ECF No. 17. On February 14, 2023, Defendant Burbano filed an Answer to the Complaint, Crossclaim, and Counterclaim. ECF No. 18. On February 23, 2023, Defendant Jeremy Hudson filed a Motion to Dismiss the Complaint. ECF No. 24. On February 28, 2023, Defendant Thomas Classics filed a Motion to Dismiss. ECF No. 27. On February 28, 2023, Defendant Thomas Classics filed a Motion to Dismiss. ECF No. 28.

On September 19, 2023, this Court held a motion hearing wherein Defendant Hudson's

Motion to Dismiss was denied; Defendant Thomas Classics' Motions to Dismiss were granted; and Defendant James Burbano's Motion to Dismiss was granted. ECF No. 81. On November 15, 2023, the remaining parties submitted a joint discovery plan and scheduling order. ECF No. 83. On November 15, 2023, Magistrate Judge Youchah approved the discovery plan and scheduling order. ECF No. 84.

### III.   FACTUAL ALLEGATIONS

The Defendant's Complaint alleges that on or about February 10, 2021, Mr. Hudson purchased a 2017 Lamborghini Huracan ("Subject Vehicle") for $190,000. On or about March 28, 2021, State Farm Automobile Insurance Company ("State Farm") issued Mr. Hudson an automobile insurance policy ("Subject Policy") for the Subject Vehicle. Mr. Hudson chose to customize the interior of the Subject Vehicle and brokered an agreement with Mr. Thomas for various upgrades. Mr. Hudson dropped off the Subject Vehicle to Mr. Thomas. However, instead of making the requested changes Mr. Thomas forged sale documents and sold the Subject Vehicle to Wholesale Exotics without Mr. Hudson's knowledge or approval. Wholesale Exotics then sold the Subject Vehicle to Thomas Classics. Eventually, Mr. Hudson filed a theft report against Mr. Thomas for theft of the Subject Vehicle. Mr. Hudon subsequently contacted State Farm and informed the company that the Subject Vehicle was stolen by Mr. Thomas.

### IV.   LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is judged by the same standard as a motion to dismiss a claim. A court's inquiry "is limited to the allegations in the [counter-]complaint, which are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

## V. DISCUSSION

Defendant's Counter-Claims alleges three claims: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; and (3) bad faith. Defendant also requests punitive damages. Plaintiff argues that the Defendant's Counter-Claims fail for various reasons. The Court addresses each cause of action, in turn.

### A. Breach of Contract

The Plaintiff asserts that the breach of contract and bad faith claims fail to allege two key elements: (1) facts showing a breach of the State Farm policy and (2) damages caused by State Farm's purported breach. The Defendant asserts that he expected State Farm to tender payment under the Subject Policy, but instead the company initiated the present matter to avoid payment based on a theory that Plaintiff allowed the Subject Vehicle to be sold.

In order to put forth a breach of contract claim, the petitioner must allege the formation of a valid contract; performance or excuse of performance by the plaintiff; material breach by the defendant; and damages. See Bernard v. Rockhill Dev. Co., 734 P.2d 1238, 1240 (Nev. 1987) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement.") (quoting Malone v. Univ. of Kan. Med. Ctr., 552 P.2d 885, 888 (1976)). An insurance policy is a contract. Senteney v. Fire Ins. Exch., 707 P.2d 1149, 1150 (1985). The

counter-complaint alleges that State Farm breached the Subject Policy "by among other things, failing to pay Mr. Hudson for the replacement cost of the Subject Vehicle."

Here, the Subject Policy is a valid contract. Accepting the Defendant's allegations as true, State Farm breached the contract when it failed to tender the policy after the vehicle was stolen. These non-conclusory facts present a valid claim which would entitle the Defendant to relief.

Accordingly, the breach of contract cause of action is properly pled and may proceed.

### B.  Breach of Implied Covenant of Good Faith and Fair Dealing

The Defendant asserts that Plaintiff violated an implied covenant of good faith and fair dealing by failing to tender the Subject Policy despite clear evidence that Mr. Kofi Thomas stole the Subject Vehicle. Plaintiff argues that this cause of action should be dismissed for failure to actually state a claim since State Farm has not denied coverage to the Defendant, but seeks declaratory relief regarding its duties.

Under Nevada law, every contract contains the implied covenant of good faith and fair dealing. K Mart Corp. v. Ponsock, 732 P.2d 1364, 1370 (Nev. 1987). A party may bring a bad-faith tort claim if the covenant is violated. United States Fidelity v. Peterson, 91 Nev. 617, 540 P.2d 1070, 1071 (Nev. 1975). Where one party to a contract "deliberately contravenes the intention and spirit of [a] contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." Morris v. Bank of Am. Nev., 886 P.2d 454, 457 (Nev. 1994) (quoting Hilton Hotels v. Butch Lewis Productions, 808 P.2d 919, 922-23 (Nev. 1991)). A petitioner may be able to recover damages for this breach when the offending party engages in arbitrary or unfair acts that work to the petitioner's disadvantage, even if the express terms of the contract have been satisfied. See State DOT v. Eighth Judicial Dist. Court of Nev., 133 Nev. 549, 402 P.3d 677, 683 (2017).

In order to establish a breach of the implied covenant of good faith and fair dealing, the petitioning party must show the following: (1) the insurance company had no reasonable basis for its conduct in the handling of plaintiff's claim; (2) the insurance company knew, or recklessly disregarded, the fact that there was no reasonable basis for its conduct; and (3) the insurance company's unreasonable conduct was a legal cause of harm to the plaintiff. See Falline v. Golden

Nugget Hotel & Casino, 823 P.2d 888, 891 (Nev. 1991).

Defendant's Complaint alleges that State Farm did not have a reasonable basis for failing to tender under the Subject Policy because the company was aware that the Subject Vehicle was stolen. These allegations are sufficient to properly plead this cause of action.

Accordingly, the Defendant's second cause of action for breach of implied covenant of good faith and fair dealing is properly pled and allowed to proceed.

### C. Bad Faith

The Plaintiff argues that the bad faith cause of action should be dismissed for failure to state a claim and lack of ripeness. The Court addresses each argument, in turn.

#### a. Failure to State a Claim

As with the breach of contract cause of action, Plaintiff asserts that the bad faith claim fails to allege two key elements: (1) facts showing a breach of the State Farm policy and (2) damages caused by State Farm's purported breach. The Defendant asserts that he expected State Farm to tender payment under the Subject Policy, but instead the company initiated the present matter to avoid payment based on a theory that Plaintiff allowed the Subject Vehicle to be sold.

A violation of the covenant of good faith and fair dealing gives rise to a bad-faith tort claim. Allstate Ins. Co. v. Miller, 212 P.3d 318, 324 (2009). Bad faith is defined by the Nevada Supreme Court as "an actual or implied awareness of the absence of a reasonable basis for denying benefits of the [insurance] policy." Id. (quoting Am. Excess Ins. Co. v. MGM, 729 P.2d 1352, 1354-55 (Nev. 1986)). To establish a prima facie case of bad-faith refusal to pay an insurance claim, the plaintiff must establish that the insurer had no reasonable basis for disputing coverage, and that the insurer knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage. See Powers v. United Services Auto. Ass'n, 962 P.2d 596, 604 (Nev. 1998).

As noted, the Defendant's counter-claims asserts that State Farm unreasonably refused to tender payment under the Subject Policy and failed to timely process and make payment to the Defendant without good reason. The Court finds that this is sufficient to properly plead a bad faith cause of action.

Accordingly, the Court finds that the bad faith cause of action does not fail to state a claim.

b. Ripeness

The Defendant's Complaint include claims against Mr. Kofi Thomas alleging that he sold the Subject Vehicle without authorization. The Plaintiff asserts that the bad faith claim against itself is unripe because it is contingent upon a determination of whether the Defendant's car was actually stolen by Mr. Thomas.

Ripeness "is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." Twitter, Inc. v. Paxton, 56 F.4th 1170, 1173 (9th Cir. 2022) (internal quotation marks omitted) (quoting Ass'n of Irritated Residents v. EPA, 10 F.4th 937, 944 (9th Cir. 2021)). The basic rationale of the ripeness requirement is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements. Id. (internal quotation marks omitted).

The Defendant has adequately alleged a ripe bad faith. The Defendant has alleged that he is entitled to payment upon his claim and that Plaintiff is unreasonably withholding such payment. Defendant has alleged that Plaintiff has been provided with information to establish entitled to payment for claim for his allegedly stolen car. At this stage of this case, this is sufficient to plead a bad faith claim. If it is later determined that Plaintiff had a basis for denying payment (including that the car was not actually stolen) then that issue can be addressed in subsequent motion practice.

Accordingly, the bad faith claim is properly pled and will proceed.

**D. Punitive Damages**

The Plaintiff argues that the Defendant's counter-claim for exemplary or punitive damages lacks factual support because there is no allegation of conduct showing oppression, fraud, or malice. The Defendant asserts that State Farm knew the Subject Vehicle was stolen and still did not tender payment under the Subject Policy.

In order to be awarded punitive damages, the Defendant must show that the defendant's conduct was oppressive, fraudulent, or malicious. NRS § 42.005. To show malice and oppression, the Defendant must show a conscious disregard for a person's rights and "knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to act to avoid those consequences." Countrywide Home Loans, Inc. v. Thitchener, 192 P.3d 243, 252 (Nev.

2008). Punitive damages are not a cause of action, but a remedy. Teva Parenteral Meds., Inc. v. Eighth Judicial Dist. Court, 481 P.3d 1232 n.4 (Nev. 2021).

Viewing the allegations presented in the light most favorable to the Defendant, it is plausible that he could show conscious disregard for his contractual rights and a failure to act to avoid harmful consequences through State Farm's failure to tender under the Subject Policy. Accordingly, the punitive damages request will remain.

VI. **CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's [ECF No. 46] Motion to Dismiss the Defendant's Counter-Claim is **DENIED**.

**DATED:** March 31, 2024



**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**