UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY HUDSON, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-02123-RFB-EJY<br><br>**ORDER** |
| JEREMY HUDSON,<br><br>Counter Claimant,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Counter Defendant. | |

Before the Court is Plaintiff and Counter-Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment. For the following reasons the Motion is granted in part and denied in part.

**I.   PROCEDURAL HISTORY**

Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") initiated this action with a Complaint filed on December 21, 2022. ECF No. 1. Plaintiff asserts three claims for declaratory relief against individual Defendants Jeremy Hudson, Kofi Thomas, Michael Simon, Paul Paulsen, Austin Wise, David Danny Spivak, and James Burbano, as well as corporate

Defendants Wholesale Exotics, Inc., Excluzayy Motorsports, and Thomas Classics, Inc. Id.

On February 7, 2023, Defendant James Burbano filed a motion to dismiss the Complaint. ECF No. 15. On February 13, 2023, Defendant Jeremy Hudson filed an Answer to the Complaint, Counter- and Cross-Claims against Defendants State Farm, Kofi Thomas, Wholesale Exotics, Inc., and James Burbano. ECF No. 17. On February 27, 2023, Defendant Hudson filed a motion to dismiss Plaintiff's Complaint. ECF No. 24. On February 28, 2023, Defendant Thomas Classics, Inc., filed motions to dismiss Plaintiff's Complaint and Defendant Hudson's Cross-Claim. ECF Nos. 27, 28. On March 1, 2023, Defendant Burbano joined Defendant Thomas Classics' motion to dismiss the Complaint. ECF No. 30. On March 20, 2023, Plaintiff and Counter-Defendant State Farm filed a motion to dismiss Jeremy Hudson's Counter-Claim. ECF No. 46.

At a September 19, 2023, hearing, the Court: denied Defendant Hudson's motion to dismiss (ECF No. 24); granted Defendant Thomas Classics' motions to dismiss for lack of personal jurisdiction (ECF Nos. 27, 28); and granted Defendant James Burbano's motion to dismiss for lack of personal jurisdiction (ECF No. 15). ECF No. 81. On March 31, 2024, the Court denied Counter-Defendant State Farm's motion to dismiss (ECF No. 46). ECF No. 87.

On August 26, 2024, Plaintiff and Counter-Defendant State Farm filed the instant motion for summary judgment. ECF No. 98.

ECF No. 109. The Court's Order follows.

## II. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts.

### A. Undisputed Facts

In February 2021, Jeremy Hudson purchased a 2017 Lamborghini Huracan ("the Subject Vehicle"). On March 28, 2021, State Farm issued Mr. Hudson a policy of automotive insurance ("the Subject Policy"). On August 13, 2021, Mr. Hudson submitted a claim to State Farm alleging theft of the Subject Vehicle. In his theft claim to State Farm, Mr. Hudson asserted that he provided the Subject Vehicle to Defendant Kofi Thomas, and his business Excluzayy Motorsports, for the purpose of having various customizations made to the interior of the vehicle.

In May 2021, Mr. Thomas entered into an agreement with Defendant Wholesale Exotics,

a company that purchases and sells luxury vehicles, for Wholesale Exotics to purchase the Subject Vehicle. When coordinating the sale, Mr. Thomas dealt directly with the company's owner, Defendant Michael Simon. On May 6, 2021, Mr. Hudson delivered the Subject Vehicle to two Wholesale Exotics employees, Defendants Austin Wise and Paul Paulsen. On May 7, 2021, Mr. Thomas provided Wholesale Exotics with the title to the Subject Vehicle in exchange for $195,000.00 in the form of a cashier's check and cash. On or about June 3, 2021, Wholesale Exotics sold the Subject vehicle to Thomas Classics, Inc., who in turn sold it to James Burbano.

### B. Disputed Facts

The parties dispute whether Defendant Jeremy Hudson gave the 2017 Lamborghini Huracan to Defendant Kofi Thomas for the purpose of interior customization and/or modification or whether Mr. Hudson gave Mr. Thomas the 2017 Lamborghini on consignment in exchange for a high-end replacement vehicle. Additionally, Parties dispute whether Mr. Thomas was an agent or authorized representative of Mr. Hudson and whether there was an actual or presumed sales agreement when the Subject Vehicle was sold.

## III.   LEGAL STANDARD

### A. Summary Judgement

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the non-moving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). "[W]here the party moving for summary judgment has had a full and fair opportunity to

prove its case, but has not succeeded in doing so, a court may enter summary judgment *sua sponte* for the nonmoving party." Albino v. Baca, 747 F.3d 1162, 1176 (9th Cir. 2014). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. County of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### IV.   DISCUSSION

The Court now turns to the merits of Plaintiff and Counter-Defendant State Farm's Motion for Summary Judgment. After considering Mr. Hudson's counterclaims, the Court addresses State Farms claims for declaratory relief.

#### A.  Summary Judgment - Defendant's Counter Claims

Mr. Hudson brings three counter claims: (1) Breach of Contract, (2) Breach of the Implied Covenant of Good Faith, and (3) Bad Faith.

##### i.  *Counter-claim I: Breach of Contract*

In the first counterclaim, Mr. Hudson asserts that State Farm breached the insurance contract for the Subject Vehicle because they have failed to pay the theft claim. State Farm argues that Mr. Hudson's breach of contract claim fails because his theft claim has not been denied.

An insurance policy is a contract." Senteney v. Fire Ins. Exch., 101 Nev. 654, 707 P.2d 1149, 1150 (1985). In Nevada, to succeed on a claim for breach of contract a plaintiff must show: (1) the existence of a valid contract; (2) that the plaintiff performed or was excused from performance; (3) that the defendant breached the terms of the contract; and (4) that the plaintiff was damaged as a result of the breach. See Restatement (Second) of Contracts § 203 (2007); see also Bernard v. Rockhill Dev. Co., 103 Nev. 132, 734 P.2d 1238, 1240 (Nev. 1987).

The Court finds that there is a genuine issue of disputed fact whether State Farm breached its contract with Hudson. There is no dispute between Parties regarding the existence of a valid insurance contract. Furthermore, there is no dispute regarding Mr. Hudson's performance in relation to the insurance contract. There is no dispute that Hudson tendered a request for coverage under the policy. And there is not dispute that State Farm has not paid Hudson on his claim despite the policy creating an obligation to do so. The parties dispute revolves around whether the factual

circumstances of the claim require State Farm to pay under the policy. Thus, the Court finds that a genuine issue of disputed fact regarding the breach of contract claim.

The Court rejects State Farm's argument that the breach of contract claim is premature, since State Farm has not resolved Hudson's claim. The refusal to pay on an insurance policy can serve as a basis for a cause of action against an insurance company. Pemberton v. Farmers Insurance Exchange, 858 P.2d 380, 382 (Nev. 1993). State Farm cannot rely upon its filing of a declaratory judgement action regarding the policy to avoid its obligations under the policy. The policy does not require an insured to wait for a judicial determination of coverage before an insured must be paid under the policy. State Farm has decided not to pay under the policy. State Farm cannot thus cloak its denial of coverage under the guise of an 'unresolved' claim.

Therefore, the Court denies summary judgment on this claim.

### ii. *Counter-claim 2: Breach of the Implied Covenant of Good Faith*

Mr. Hudson alleges that State Farm breached the implied covenant of good faith by not complying with the terms of the contract and tendering the insurance policy for the Subject Vehicle to Mr. Hudson. He asserts that as a result of State Farm's breach, he has suffered damages in excess of $15,000 and been required to pay legal fees. State Farm argues that Mr. Hudson has not and is unable to provide any support for this claim because State Farm has not violated the intention and spirit of the insurance contract.

The covenant of good faith and fair dealing "prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other." State, Dep't of Transp. v. Eighth Judicial Dist. Court, 133 Nev. 549, 555, 402 P.3d 677, 683 (2017) (internal quotation marks omitted). An implied covenant of good faith and fair dealing exists in all contracts. A plaintiff can recover damages for breach of the covenant of good faith and fair dealing even if a defendant does not breach the express terms of a contract. The covenant of good faith and fair dealing prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other. When one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith. Reasonable expectations are determined by the various factors and special circumstances

that shape these expectations. Constr., Inc. v. Helix Elec. of Nev., LLC, 509 P.3d 49, 51 (2022).

For the same reasons noted above, the Court denies summary judgment on the breach of the covenant of good faith and fair dealing claim here. Pemberton, 858 P.2d at 382.

### iii. Counter-claim 3: Bad Faith

Mr. Hudson argues that State Farm engaged in bad faith by unreasonably refusing to tender the policy limits on the insurance theft claim filed regarding the theft of the Subject Vehicle. He asserts that State Farm failed to timely process and make payment without a significant reason. State Farm counters asserting that this claim is premature and should be dismissed under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted.

Bad faith is established where the insurer acts unreasonably and with knowledge that there is no reasonable basis for its conduct." Albert H. Wohlers & Co. v. Bartgis, 114 Nev. 1249, 1258. (quoting Guaranty Nat'l Ins. Co. v. Potter, 112 Nev. 199, 206, 912 P.2d 267, 272 (1996)). Until the insured has established "legal entitlement," no claim for bad faith will lie. Pemberton v. Farmers Ins. Exch., 109 Nev. 789, 790 (1993). (Finding that there could be no claim for bad faith in connection with handling of UM claim unless and until the insured could establish fault on the part of the uninsured motorist giving rise to damages, and damages were proven arising from that fault.)

The Court finds that there are genuine issues of material fact as to whether State Farm acted in bad faith in refusing to pay on the policy. State Farm has not paid on the policy. The parties dispute whether there is a sufficient factual basis for the denial of coverage. It is for the jury to decide whether State Farm acted in bad faith. Pemberton, 858 P.2d at 382. The Court denies summary judgment on this claim.

### B. Motion for Summary Judgment – Declaratory Relief

State Farm seeks Summary Judgment in favor of their three claims for declaratory relief determining: (1) whether State Farm has a duty to compensate Mr. Hudson for a loss of the Subject Vehicle as a result of consignment, (2) whether State Farm has a duty to compensate Mr. Hudson for loss proceeds in an approved sale of the Subject Vehicle, (3) whether State Farm may preclude

coverage of the Subject Vehicle altogether as a result of Mr. Hudson making material misrepresentations in violation of the Subject Policy. State Farm asserts that their Motion for Summary Judgment should be granted because there are no genuine issues of material fact.

The Nevada Supreme Court has held that four elements must be met before declaratory relief may be granted: (1) there must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy, that is to say, a legally protectable interest; and (4) the issue involved in the controversy must be ripe for judicial determination. MB Am., Inc. v. Alaska Pac. Leasing Co., 132 Nev. 78, 86. Furthermore, a declaratory judgment action that seeks clarification of an insurer's coverage obligation or duty to defend is ripe for judicial review. See Govt. Emp.s. Ins. Co. v. Dizol, 133 F.3d 1220, 1222 n.2 (9th Cir. 1998).

In this instance, the four requirements for declaratory relief are met. First, the instant matter is a justiciable controversy between State Farm and Mr. Hudson regarding Mr. Hudson's claim of right to the proceeds of the Subject Policy and State Farm's interest in contesting it. Next, State Farm and Mr. Hudson's interest are adverse in the instant matter. Furthermore, as an insurer State Farm has legal interest in the controversy. Finally, the issue in the instant case is ripe for judicial determination.

In Nevada, when facts are not in dispute, insurance contract interpretation is a question of law that may be decided by the reviewing Court. Federal Ins. Co. v. American Hardware Mutual Ins. Co., 124 Nev. 319, 184 P.3d 390, 392 (Nev. 2008). Alternatively, where there are genuine issues of fact to be resolved, judgment as a matter of law is not appropriate. NRCP 56(c); Siggelkow v. Phoenix Ins. Co., 109 Nev. 42, 43-44.

The Court finds that there are genuine issues of disputed fact regarding the request for a declaratory judgment.

First, the Court addresses State Farm's declaratory relief claim regarding the duty to compensate the loss of a consigned vehicle. State Farm argues Mr. Hudson placed the Subject Vehicle on consignment prior to its sale which prevents Mr. Hudson from accessing insurance

1  proceeds from the Subject Policy. Mr. Hudson counters asserting that the Subject Vehicle was not
2  placed on consignment and was given to Mr. Thomas for customizations to be performed. While
3  it is clear that the Subject Policy expressly excludes coverage for consignment, the Court finds that
4  State Farm has not shown based upon undisputed facts that Mr. Hudson placed the Subject Vehicle
5  on consignment prior to its sale. There are several issues of material fact regarding whether the
6  agreement made between Mr. Hudson and Mr. Thomas was a consignment. Furthermore, Mr.
7  Hudson has adequately shown that there are issues of material fact regarding his intent to have
8  customizations performed and Mr. Thomas' sale of the Subject Vehicle. <u>Id.</u> Thus, the Court denies
9  State Farm's Motion for Summary Judgment on this claim.

   Additionally, the Court addresses State Farm's declaratory relief claim regarding the cancelation of the Subject Policy due to Mr. Hudson's Misrepresentations. State Farm argues that Mr. Hudson has made false statements during their investigation regarding the Subject Vehicle. Mr. Hudson asserts that he participated in the investigation and only provided his honest recollection of the events that transpired in relation to the theft of the Subject Vehicle. The Court finds that State Farm has not shown that Mr. Hudson made false statements and does not make credibility determinations at the Summary Judgment stage. <u>Zetwick v. County of Yolo</u>, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

   Thus, the Court finds that State Farm has not met its burden of showing that there are no genuine issues as to any material facts such that it is entitled to judgment as a matter of law.

## V. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's [98] Motion for Summary Judgment is **DENIED.**

**IT IS FURTHER ORDERED** that the parties shall submit a Joint Pretrial Order by October 31, 2025.

**DATED:** September 30, 2025.



        **RICHARD F. BOULWARE, II**
        **UNITED STATES DISTRICT JUDGE**